NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GMAC REAL ESTATE, LLC, | : | |
| | : | Civil No. 05-2253 (AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM AND ORDER |
| | : | |
| GATE CITY REAL ESTATE CO., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**THOMPSON, U.S.D.J.**

This matter comes before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (2) for lack of subject matter and personal jurisdiction, or in the alternative to dismiss or transfer pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or in the alternative to transfer venue to the District of Idaho pursuant to 28 U.S.C. §1404(a).  The Court has decided this motion based on the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P.  78.  For the reasons stated below, Defendant's motion to dismiss will be granted.

Background

Plaintiff GMAC Real Estate is an LLC whose one member, GMAC Home Services, is a Delaware corporation with offices located in New Jersey.  Defendant Gate City Real Estate Company is an Idaho corporation with its principal place of business in Idaho.  On March 10, 2000, Gate City entered into a "Real Estate Service Contract" with GMAC to operate a GMAC

1

franchise in Idaho.  The contract specified that it should be construed in accordance with the laws of the state in which Gate City is licensed to use the marks.  Thus, Idaho law governed the Service Contract.

In an amendment to the Service Contract, also executed on March 10, 2000, the term of the contract was extended until May 1, 2005, and GMAC agreed to finance $17,681.95 to Gate City for its transition to using GMAC's trademarks, and to forgive this indebtedness over the term of the Service Contract as long as Gate City did not default under the contract.  On May 1, 2005, Gate City executed a Conversion Costs Note which set forth the amount due in the event of such a default.  This Note, unlike the March 10 Service Contract and amendment, contained a forum selection clause which specified that "[a]ll litigation with respect to this Note or with respect to actions taken pursuant to this Note shall be conducted in the courts located in the State of New Jersey."

In November 2002, Gate City sent GMAC a letter which expressed Gate City's intent to terminate the Service Contract.  In December of 2002, Gate City ceased using the GMAC marks and ceased paying fees or reporting income to GMAC.  In April 2005, GMAC instituted the instant lawsuit alleging breach of the Service Contract and the Conversion Costs Note, unjust enrichment, and breach of covenant of good faith and fair dealing.  GMAC demands a book accounting and judgment in excess of $151,875.36.

Discussion

A plaintiff has the burden to establish personal jurisdiction once it is challenged by a defendant.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  If the court is to rely on pleadings and affidavits, the plaintiff must present a prima facie case that

jurisdiction exists.  See, e.g., Neiman v. Rudolf Wolff & Co., 619 F.2d 1189, 1190 (7th Cir. 1980), cert. denied, 449 U.S. 920 (1980); La Rose v. Sponco Mfg., Inc., 712 F. Supp. 455, 458 (D.N.J. 1989).  Plaintiff must respond with actual proofs, not mere allegations.  Patterson by Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990).  A court should make its decision viewing the facts in the light most favorable to the plaintiff as the non-moving party.  Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

Generally, a district court looks to the law of the state in which it sits to determine whether it may assert personal jurisdiction over a nonresident defendant.  See Fed. R. Civ. P. 4(e); see also Dent v. Cunningham, 786 F.2d 173, 175 (3d Cir. 1986).  New Jersey's long arm statute, Civil Practice Rule 4:4-4, allows a court to exercise jurisdiction over a defendant to the fullest extent permitted by the United States Constitution.  See Charles Gendler Co., Inc. v. Telecom Equipment Corp., 102 N.J. 460, 469 (1986).

Under the Fourteenth Amendment, it must be shown that a defendant has had "minimum contacts" with the forum state, so that it would be "'reasonable . . . to require the [defendant] to defend the particular suit which is brought there.'"  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980) (quoting International Shoe Co. v. State of Washington Office of Unemployment, 326 U.S. 310, 317 (1945)).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting business within the forum state, thus invoking the benefits and protections of its laws."  Mellon Bank, 960 F.2d at 1221 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  Once it is determined that a defendant has minimum contacts with the forum state, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with

3

fair play and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Personal jurisdiction may be either general or specific. A defendant is subject to general jurisdiction when it has continuous and systematic contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). Specific jurisdiction is established when a non-resident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from or is related to those activities. General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (citing Burger King Corp., 471 U.S. at 472). In order to be subject to personal jurisdiction, a defendant's conduct in connection with the forum state must be such that he may "reasonably anticipate being haled into court there." World-Wide Volkswagen, 444 U.S. at 297.

In the present case, Plaintiff contends that there is specific jurisdiction over Defendant because of the forum selection clause in the Conversion Costs Note and because of Defendant's ongoing business relationship with Plaintiff. As to the first argument, it is true that New Jersey public policy is not hostile to forum selection clauses. See, e.g., Park Inn Intern., L.L.C. v. Mody Enterprises, Inc., 105 F. Supp. 2d 370, 373 (D.N.J. 2000). A court will enforce a forum selection clause unless it is proven that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

However, even assuming the enforceability of the forum selection clause in the Note, the Court must also determine whether the Note's forum selection clause controls disputes over the

Service Contract.[1]  The Service Contract does not have a forum selection clause, but rather has a choice of law provision designating Idaho law.  The Note, while referred to in the Service Contract, was signed separately two months later.  The value of the Note is less than an eighth of what Defendant claims in damages.  In essence, by claiming that the forum selection clause in the Note controls disputes regarding the Service Contract, Plaintiff is attempting to have the tail wag the dog.  The Service Contract, not the Note, is what the parties' business relationship stemmed from.  While the forum selection clause in the Note does confer personal jurisdiction over Defendant with regard to breach of the Note, it does not confer personal jurisdiction with regard to the underlying Service Contract.  See, e.g., Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 152 n.6 (3d Cir. 1996) (noting that choice of law provisions in sales invoices "pertain only to the individual sales contracts for each shipment . . . and we do not find them relevant to our jurisdictional analysis of the underlying Supply Agreements.")

Plaintiff also contends that Defendant's ongoing business relationship with Plaintiff confers specific jurisdiction.  Specifically, Plaintiff argues that there is specific jurisdiction over Defendant because by entering into a franchise agreement with a corporation located in New Jersey, signing a Note that specified venue in New Jersey, and later sending a notice of termination to that New Jersey corporation, Defendant should have anticipated being haled into court in New Jersey.  However, the fact that a non-resident has entered into a contract with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the

---

[1]The alleged breach of the Note, alone, does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).  Thus, only if there is personal jurisdiction over Defendant with regard to the alleged breach of the Service Agreement is there subject matter jurisdiction as to the Note.  Otherwise, the claim for breach of the Note will be dismissed under Fed. R. Civ. P. 12(b)(1).

nonresident.  Mellon Bank, 960 F.2d at 1223.  The plaintiff must additionally show that defendant "purposefully availed" itself of the forum's benefits.  Rodi v. Southern New England School of Law, 255 F. Supp. 2d 346, 349 (D.N.J. 2003).

To determine whether the defendant opposing jurisdiction "purposely availed" itself of the forum, courts ask whether the defendant initiated the relationship with the forum plaintiff. See Vetrotex Certainteed Corp., 75 F.3d at 152 ("[T]his is not a case where the defendant solicited the contract or initiated the business relationship leading up to the contract."); see also Rodi, 255 F. Supp. 2d at 350; Maglio & Kendro, Inc. v. Superior Enerquip Corp., 233 N.J. Super. 388 (1989).  In the present case, Plaintiff solicited the contract with Defendant in Idaho and all of the dealings between the parties took place in Idaho.

In addition, specific jurisdiction is not conferred simply because Defendant sent Plaintiff correspondence at Plaintiff's New Jersey address.  While mail and telephone communications sent by a defendant into the forum may count toward the minimum contacts that support jurisdiction, courts often point to additional factors, such as visits to New Jersey, when finding jurisdiction.  Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992); Mesalic v. Fiberfloat Corp., 897 F.2d 696, 700-01 (3d Cir. 1990); Electro-Catheter Corp. v. Surgical Specialties Instrument Co., Inc., 587 F. Supp. 1446, 1455 (D.N.J. 1984).  There are no such additional factors here, and the correspondence alone will not satisfy minimum contacts. Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 544 (3d Cir. 1985).

Because the Court holds that Defendant does not have sufficient minimum contacts with New Jersey, it need not address whether the exercise of personal jurisdiction in this case would be consonant with "traditional notions of fair play and substantial justice."  Asahi Metal Indus.

Co. v. Superior Court, 480 U.S. 102, 113 (1987) (requiring both minimum contacts and fairness in order to assert personal jurisdiction).  Further, because the Court is granting Defendant's Rule 12(b)(1) and 12(b)(2) motion, it need not address the arguments to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  However, the Court notes that venue appears to be improperly laid in New Jersey, as Defendant does not reside in New Jersey, a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey, and because the action may otherwise have been brought in the District of Idaho.  28 U.S.C. § 1391(a); see also Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994); Base Metal Trading SA v. Russian Aluminum, 253 F. Supp. 2d 681, 697 (S.D.N.Y. 2003); ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 278 (S.D.N.Y. 2000).

For the foregoing reasons, and for good cause shown,

IT is on this 12th day of October 2005,

ORDERED that Defendant's Motion to Dismiss is GRANTED, and it is further

ORDERED that this case is CLOSED.


s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.

7